## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

PATRECE R. EDWARDS-BRADFORD,

      Plaintiff,

                                Case No. 2:25-cv-2454 SHL-cgc

v

WK KELLOGG CO,

      Defendant.

## REPORT AND RECOMMENDATION ON DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant WK Kellogg Co.,' ("Kellogg" or "Defendant") Motion for Summary Judgment. (Docket Entry ("D.E.") #46). This case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05[1]. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion for Summary Judgment be GRANTED.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

## I.    Background

On April 25, 2025, Plaintiff filed a *pro se* Complaint against WK Kelloggs alleging violations of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, *et seq*., and Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.  (D.E. #2). Specifically, Plaintiff alleges that Defendant discriminated against her on the basis of her disability by their failure to accommodate her disability and retaliation.  (D.E. # 2, PageID 4)

On April 9, 2026, Defendant filed the instant Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (D.E. #24).  Defendant asserts that there is no genuine dispute of material fact on Plaintiff's claims of discrimination or retaliation under Title VII or the ADA.

On May 6, 2026, Plaintiff filed her Response to Defendant's Motion for Summary Judgment.  (D.E. #25).  Plaintiff's Response fails to clearly respond to Defendant's Statement of Undisputed Material Fact in the manner proscribed by Local Rule 56.1(b)[2].  As such, it is RECOMMENDED pursuant to Local Rule 56.1(d) that Defendant's asserted facts are not disputed for purposes of summary judgment.

On May 20, 2026, Defendant filed its Reply in Support of its Motion for Summary Judgment.  (D.E. #54).  Defendant argues that Plaintiff has failed to comply with Local Rule 56.1(b), summarizes how her purported disputes of material fact are not properly supported (*see* D.E. #26 at PageID 414), argues that statements in her declaration that contradict prior sworn testimony should be stricken (*see* D.E. #26 at PageID 415) and argues that nothing in Plaintiff's

---

[2] Local Rule 56.1(b) requires each disputed fact to be "supported by specific citation to the record.  Such response shall be filed with any memorandum in response to the motion.  The response must be made on the document provided by the movant or on another document in which the non-movant has reproduced the facts and citations verbatim as set forth by the movant. … Each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute."

response changes the conclusion that summary judgment should be granted as to both of Plaintiff's claims.

## II.      Proposed Findings of Fact

Plaintiff Edwards-Bradford began her employment with WK Kellogg Co ("WK Kellogg") at the Memphis Plant on September 4, 2001. (Docket Entry ("D.E.") 24-5, PageID 189). Edwards-Bradford was employed as a Tank Room Operator until 2009 and subsequently bid into a position in the Carton & Glue department. (D.E. 24-5, PageID 215-16). Plaintiff then returned to a position as a Tank Room Operator in 2023 because of work restrictions. (D.E. 24-4, PageID 92, ¶ 7).

WK Kellogg's Memphis Plant employs approximately 300 bargaining-unit employees who are represented by the Bakery, Confectionery Tobacco Workers and Grain Millers Union, Local 252G. (D.E. 24-4, PageID 91, ¶ 5). WK Kellogg and the Local 252G have a Collective Bargaining Agreement that determines which roles employees can bid into based on the employee's skills and seniority. (D.E. 24-4. PageID 91-92, ¶ 5). If a bargaining-unit employee has work restrictions, the Environmental, Health & Safety ("EHS") Managers attempt to find a new role for the employee that accommodates their restrictions. (D.E. 24-6, PageID 335-336, ¶ 4). The Memphis Plant does not have any "light duty" or sedentary jobs for employees with restrictions. (D.E. 24-6, PageID 336, ¶ 5). WK Kellogg tries to find suitable work for employees with restrictions by allowing them to perform office work, cleaning, or working the "star wheel." (*Id.*). If no suitable substitute work can be found, the employee is placed on leave. (*Id.*).

Plaintiff first reported work restrictions in 2019 relating to a back injury, which WK Kellogg accommodated and provided Plaintiff with sedentary work and other tasks. (D.E. 24-4, PageID 92, ¶ 8). Those restrictions lasted through mid-2020. (*Id.*). Plaintiff next reported work

3

restrictions in July 2022, which limited her to lifting, pushing, or pulling no more than 10 pounds, which is much less than the requirements for her job in the Glue & Carton department. (D.E. 24-6, PageID 337-38, ¶ 11). When available, EHS managers assigned Plaintiff to modified work as a Tank Room Operator or work on the "star wheel." (D.E. 24-6, PageID 337, ¶ 11). If those jobs were unavailable, Plaintiff was placed on leave. (*Id.*). Between July 2022 and February 2023, Plaintiff's work restrictions ranged from 7.5 pounds to 25 pounds with other restrictions limiting her ability to lift, squat, or repeatedly stand. (D.E. 24-6, PageID 338-39).

On January 5, 2023, Plaintiff returned to her original position as a Tank Room Operator. (D.E. 24-4, PageID 93, ¶ 11). Because of Plaintiff's restrictions on lifting, WK Kellogg reassigned those duties to others in the Tank Room. (*Id.*). However, WK Kellogg could not ensure that Plaintiff's lifting duties could be assigned in other departments, so Plaintiff was restricted to only working overtime in the Tank Room. (*Id.*). Plaintiff consistently worked overtime hours ranging from 6 to 48 hours per week. (*Id.*). On February 16, 2023, Plaintiff's doctor restricted her to "[c]ontinue working as a tank room operator with no repetitive lifting, no lifting greater than 25lbs until further advised." (D.E. 24-6, PageID 372).

On April 3, 2023, Plaintiff filed a grievance claiming that Kellogg should allow her to work overtime roles that violate the push and pull restrictions ordered by her doctor because her supervisor assigned her duties that went against her restrictions. (D.E. 24-4, PageID 94, ¶13). Plaintiff also asserted that "she wanted pay for the other jobs that violated her restrictions that she had not been assigned to do." (*Id.*). Plaintiff's grievance was subsequently investigated and denied. (*Id.*). Plaintiff attempted to bid into a job called "Floors" but was denied because of the February 16, 2023, work restrictions from her doctor. (D.E. 24-4, PageID 94, ¶ 14).

Plaintiff lodged a complaint with the Equal Employment Opportunity Commission ("EEOC") on July 31, 2023. (D.E. 24-5, PageID 187). The complaint did not allege discrimination based on age, gender, race, or religion; it only alleged discrimination based on disability. (D.E. 24-5, PageID 190-91). The EEOC notified Plaintiff that it would not proceed with investigating her claim and issued her a Right-To-Sue Letter on January 28, 2025. (D.E. 2-1, PageID 8).

### III.    Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case.  Id. at 325.  This may be accomplished by submitting affirmative

evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### IV.  Proposed Analysis & Conclusions of Law

#### a.  *Title VII*

Under Title VII, discrimination of the basis of "race, color, religion, sex, or national origin" constitutes an unlawful employment practice. 42 U.S.C. § 2000e-2(a). As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge. *Younis v. Pinnacle Airlines, Inc.,* 610 F.3d 359, 361 (6th Cir. 2010) citing 42 U.S.C. § 2000e–5(f)(1); *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

While Plaintiff's complaint has the box checked for Title VII (D.E. # 2, PageID 2), her basis for alleging discrimination only has "disability" checked (D.E. # 2, PageID 5). Plaintiff's EEOC Charge of Discrimination states that she believes that she was "discriminated and retaliated

6

against because of [her] disability". (D.E. # 24-5, PageID 268) Title VII does not cover disability discrimination claims. *Clark v. City of Dublin, Ohio*, 178 F. App'x 522, 524 (6th Cir. 2006) Therefore  it is RECOMMENDED that Plaintiff's claim of discrimination in violation of Title VII fail as a matter of law.

### b.   *ADA and Retaliation*

In her Complaint, Plaintiff alleged that after she filed a grievance because her supervisor sent her home based on medical restrictions she was retaliated against by not allowing her to work any overtime unless it was within her assigned work area. (D.E. # 2, PageID 5)   At deposition she added that Defendant "failed to accommodate her disability by placing her on leave between August 25, 2022 to January 5, 2023 instead of creating a sedentary job for her to do."  (D.E. # 24-5, PageID 256, line 4 to PageID 257, line 8)

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to ... [the] terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). According to the Act, discrimination includes a failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability ... unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 839 (6th Cir. 2018)  The ADA defines "discrimination" to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability."  To establish a *prima facie* case for failure to accommodate, a plaintiff must show that: (1) she is disabled under the ADA; (2) she is otherwise qualified for the position, with or without a reasonable accommodation; (3) her employer knew or had reason to know of her disability; (4) she requested a reasonable accommodation; and (5) the employer failed to provide

the reasonable accommodation. *Aldini v. Kroger Co. of Michigan*, 628 F. App'x 347, 350 (6th Cir. 2015) (internal cites omitted)   It is not disputed that Plaintiff had physical limitations and that the employer knew of her disability.  (D.E. # 24-2, Page ID 81, Statement of Undisputed Material Facts (SUMF) 12-14)

It is RECOMMENDED that as to the issues of failure to accommodate and retaliation there are no disputed material facts and Defendant is entitled to judgment as a matter of law.  Plaintiff was limited to sedentary work with varying weight restrictions from June 23, 2022 to February 15, 2023.  (D.E. # 24-2, PageID 81-86, SUMF 12-29)  from June 23, 2022 until August 29, 2022, Defendant assigned Plaintiff to sedentary work assignments and maintained her regular rate of pay.  (D.E. # 24-2, PageID 81-82, SUMF 12-18)  She was placed on a leave of absence beginning August 30, 2022 because there was no other sedentary work available.   (D.E. # 24-2, PageID 82-83, SUMF 19-20)

While on leave, Plaintiff believed that other employees were performing cleaning assignments that she believed would be work that she could do despite the fact that her physician's restriction limited her to sedentary work.     (D.E. # 24-2, PageID 83, SUMF 21)   Defendant considered Plaintiff's request, investigated whether the cleaning assignments would be compatible with her physician's limitations and determined that the assignment would not meet the restrictions.  *Id.*   Beginning January 5, 2023, Plaintiff is recalled to work for a trial period in a Tank Room position.  (D.E. # 24-2, PageID 84, SUMF 24)  While the position involves lifting which would be contrary to Plaintiff's medical restrictions, Defendant specifically reassigned any lifting responsibilities that Plaintiff would have had to other employees in the unit.  *Id.*  Because of Plaintiff's restrictions, her overtime opportunities are restricted to the Tank Room.  (D.E. # 24-2, PageID 85, SUMF 26)  Plaintiff asserted in her deposition that this constituted a failure to

accommodate her disability however it is recommended that the evidence is to the contrary.  When receiving an accommodation request, employers must consider the particular job involved, its purpose and its essential functions, the employee's limitations and how those limitations can be overcome, the effectiveness an accommodation would have in enabling the individual to perform the job and the preference of the employee.  *Keever v. City of Middletown*, 145 F.3d 809, 812 (6th Cir. 1998) (citing 29 C.F.R. pt. 1630, App. § 1630.9 (1997))   Each time Plaintiff presented Defendant with a physician's statement containing physical limitations Defendant either provided Plaintiff with a sedentary position or arranged for Plaintiff to work in a position with the restricted work assigned to another employee.  This is consistent with the interactive process that the Act contemplates.

Plaintiff further believes that she was not allowed to work in overtime positions outside the Tank Room or to bid for a Floors job in retaliation for disagreements and complaints that she made about a supervisor and the human resources manager.  (D.E. # 24-2, PageID 85-87, SUMF 27-29, 32.a.)  To establish a prima *facie case* of retaliation, Plaintiff must show that (1) she engaged in activity protected by the ADA; (2) Defendant knew of this exercise of her protected rights; (3) Defendant subsequently took an employment action adverse to Plaintiff or subjected Plaintiff to severe or pervasive retaliatory harassment; and (4) there was a causal connection between the protected activity and the adverse employment action. *Hurtt v. Int'l Servs., Inc.*, 627 F. App'x 414, 422 (6th Cir. 2015)  If Plaintiff is able to establish a *prima facie* case of retaliation, the burden shifts to Defendant to establish a legitimate, nondiscriminatory reason for the adverse employment action." *Penny v. United Parcel Serv.*, 128 F.3d 408, 417 (6th Cir. 1997).  Plaintiff then bears the burden of proving that Defendant's "proffered reason for the action was merely a pretext for discrimination. *Chaniott v. DCI Donor Servs., Inc.*, 481 F. Supp. 3d 712, 727 (M.D. Tenn. 2020)

9

It is recommended that Plaintiff is unable to establish a *prima facie* case of retaliation as the undisputed facts indicate there is no connection between her protected activity and the alleged adverse employment action. Plaintiff connects Defendant's refusal to assign her to a position that will provide her with more overtime to interpersonal matters rather than to her disability. Indeed, Defendant appears to have been more concerned about Plaintiff's adherence to her medical limitations than Plaintiff herself.

### IV.    Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion for Summary Judgment be GRANTED.

**Signed** this 13th day of July, 2026.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**